**Eryn Karpinski Hoerster, OSB #106126**
E-Mail: eryn.hoerster@foster.com
FOSTER GARVEY PC
Eleventh Floor
121 SW Morrison Street
Portland, Oregon 97204-3141
Telephone: (503) 228-3939
Facsimile: (503) 226-0259

**Kristen C. Rodriguez,** *Pro Hac Vice*
E-Mail: kristen.rodriguez@dentons.com
DENTONS US LLP
1900 K Street, NW
Washington, DC 20006
Telephone: (202) 496-7188

*Attorneys for Defendant*
*The New York Times Company*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| THEA MACQUAID and SARAH RENFROW, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br> v.<br><br>THE NEW YORK TIMES COMPANY, d/b/a The New York Times,<br><br>    Defendant. | Case No. 3:22-cv-00955-MO<br><br>DEFENDANT THE NEW YORK TIMES COMPANY'S MOTION TO STAY DISCOVERY<br><br>ORAL ARGUMENT REQUESTED |

DEFENDANT THE NEW YORK TIMES COMPANY'S MOTION TO STAY DISCOVERY

## TABLE OF CONTENTS

Page

LR 7-1 CERTIFICATION ................................................................................................. 1

MOTION .......................................................................................................................... 1

MEMORANDUM OF LAW ............................................................................................. 1

PRELIMINARY STATEMENT ....................................................................................... 1

PROCEDURAL HISTORY .............................................................................................. 2

LEGAL STANDARDS .................................................................................................... 3

ARGUMENT .................................................................................................................... 6

    A.    The Motion is Potentially Dispositive, and "As a Matter of Law" .......................... 8

    B.    This is a Complex Putative Class Action Involving a Novel Claim ....................... 9

    C.    The Procedural Posture Suggests a Stay is Appropriate ......................................... 9

    D.    Without a Stay, Plaintiffs May Serve Irrelevant Discovery Regarding a Nationwide Class that Cannot Be Certified ......................................... 9

    E.    The Needs of the Case Do Not Compel Immediate, Broad Discovery ............................................................................................................... 10

CONCLUSION ............................................................................................................... 10

# TABLE OF AUTHORITIES

Page

**CASES**

*Ciuffitelli v. Deloitte & Touche LLP, et al.*, No. 3:16-cv-0580-AC, 2016 WL 6963039
    (D. Or. Nov. 28, 2016) .................................................................................... 6, 8, 10

*Climax Portable Maching Tools v. Trawema Gmbh*, 2021 WL 1396625 (D. Or. Mar.
    22, 2021) ................................................................................................................... 7

*Clinton v. Jones*, 520 U.S. 681 (1997) ............................................................................ 4

*Donaghe v. Gollogly*, 59 Fed. Appx. 991 (9th Cir. 2003) .............................................. 4

*F.T.C. v. AMG Servs., Inc.,* No. 2:12-CV-00536-GMN, 2012 WL 3730561 (D. Nev.
    Aug. 28, 2012) .......................................................................................................... 5

*FNBN-RESCON I, LLC v. Ritter*, No. 2:11-CV-01867-GMN, 2013 WL 3168646 (D.
    Nev. June 19, 2013) ................................................................................................. 5

*Jarvis v. Regan*, 833 F.2d 149 (9th Cir. 1987) ............................................................ 5, 6

*Landis v. North Am. Co.*, 299 U.S. 248 (1936) .............................................................. 4

*Little v. City of Seattle*, 863 F.2d 681 (9th Cir. 1988) ................................................... 4

*Mlenjnecky v. Olympus Imaging America, Inc.*, 2011 WL 489743 (E.D. Cal. Feb. 7,
    2011) ......................................................................................................................... 5

*PNY Techs., Inc. v. Netach Tech. Co.*, No. 16-CV-00657, 2017 WL 3597516 (D. Haw.
    May 9, 2017) ................................................................................................. 6, 8, 9, 10

*Roberts v. Clark Cty Sch. Dist.*, 312 F.R.D. 594 (D. Nev. 2016) ................................... 6

*Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598 (C.D. Cal. 1995) ................ passim

*Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597 (D. Nev. 2011) ....................................... 4

*Walker v. Higher Educ. Loan Auth. of the State of Missouri*, No.
    121CV00879DADSAB, 2022 WL 1460021 (E.D. Cal. May 9, 2022) .................... 5

*Wenger v. Monroe*, 282 F.3d 1068 (9th Cir. 2002) ........................................................ 4

**STATUTES**

ORS 646.638(6) ............................................................................................................2

ORS 646A.295 .............................................................................................................2

**RULES**

Fed. R. Civ. P. 26(b) ....................................................................................................6

Fed. R. Civ. P. 26(c) ....................................................................................................3

Fed. R. Civ. P. 26(f) ....................................................................................................3

Fed. R. Civ. P. 34 ........................................................................................................3

## LR 7-1 CERTIFICATION

In compliance with LR 7-1, the parties made a good faith effort to resolve the dispute raised in this motion, including through an October 20, 2022, conference call between counsel, and have been unable to do so.

## MOTION

Defendant The New York Times ("The Times") hereby requests that the Court stay discovery pending resolution of The Times' Motion to Dismiss and Motion to Strike (Dkt. 17). This motion is supported by the Declaration of Eryn Karpinski Hoerster ("Hoerster Decl.") and the foregoing Memorandum of Law.

## MEMORANDUM OF LAW

## PRELIMINARY STATEMENT

The Times respectfully requests that the Court stay discovery pending resolution of its Motion to Dismiss and Motion to Strike (Dkt. 17) (the "Motion"). There is a strong likelihood that this case will be dismissed or significantly limited as a matter of law at the pleading stage. Because the Motion will be fully briefed by the end of next week, and no discovery has been propounded by either party, Plaintiffs will not be prejudiced by a brief delay if the Motion is ultimately denied. On the other hand, if The Times is forced to spend its resources to respond to discovery requests in the coming weeks – including the significant costs of document collection and production – and the Motion is granted, it will have been a costly and wasteful exercise that would outweigh its likely benefit. The Court should therefore enter a brief stay of discovery until the Motion is decided.

**PROCEDURAL HISTORY**

Plaintiffs Thea MacQuaid and Sarah Renfrow filed this putative class action on July 1, 2022, broadly alleging that The Times sells its newspaper and digital subscriptions without providing adequate disclosures in violation of the Automatic Renewal Law ("ARL") section of Oregon's Unfair Trade Practices Act, ORS 646A.295. Dkt. 1, ¶8.

The Times moved to dismiss on August 26, 2022, urging the Court to dismiss the Complaint as outside of the applicable one-year statute of limitations, and because the Times' disclosures – as demonstrated by documents incorporated by reference into the complaint – satisfied all requirements of the ARL. *See* Dkt. 11 (Motion to Dismiss); Dkt. 10 (Request for Judicial Notice and Recognition of Documents Incorporated by Reference); Dkt. 15 (Order granting Request for Judicial Notice and Recognition of Documents Incorporated by Reference).

In response, Plaintiffs filed the First Amended Complaint ("FAC") on September 9. The FAC failed to address the legal deficiencies previously identified by The Times, and instead merely added a likewise deficient claim for unjust enrichment and allegations regarding a nationwide class of plaintiffs. *See* Dkt. 14. The Times filed its current Motion to Dismiss and Motion to Strike (the "Motion") on September 23, which set forth The Times' original legal arguments, added a legal challenge to Plaintiffs' unjust enrichment claim, and moved to strike Plaintiffs' nationwide class allegations if they were not otherwise dismissed. Dkt. 17. Plaintiffs filed an opposition to the Motion on October 14. Dkt. 22.

The Times's Motion is strong. Both Plaintiffs purchased their subscriptions outside the one-year statute of limitations for unfair trade practices actions in Oregon, ORS 646.638(6), and would have been put on notice of the very issues about which they now complain during that process. In the case of Renfrow, her subscription began renewing (purportedly unexpectedly) outside the statutory

period as well. Moreover, although Plaintiffs concede that they were required to plead their claims with particularity, they have consistently refused to identify what disclosures were presented ***to them*** during the subscription process and thereafter, instead relying on "examples" of disclosures that were shown to a different plaintiff in a prior lawsuit. And, perhaps most importantly, a cursory review of The Times's subscription disclosures in the FAC shows that The Times met each element of the ARL as a matter of law. Therefore, this case should be dismissed with prejudice. *See* Motion (Dkt. 17), pp. 21-30.

In accordance with LR 26-1(1), counsel for The Times contacted Plaintiffs' counsel on October 17 to schedule the required conference pursuant to Fed. R. Civ. P. 26(f). *See* Hoerster Decl., ¶3. The parties' Rule 26(f) conference took place on October 20, during which they discussed the parties' respective positions regarding whether to proceed with or stay discovery. *Id.* ¶4. Additionally, the parties agreed to waive initial disclosures, and that they would enter a stipulated protective order when and if discovery commenced. *Id.* In preparation for the Rule 26(f) conference, counsel for The Times confirmed that adequate steps were in place to preserve ESI for future production, if needed. *Id.* ¶5. The Times now moves to stay discovery pending resolution of its dispositive Motion.

## **LEGAL STANDARDS**

Fed. R. Civ. P. 26(c) authorizes the imposition of discretionary stays, subject to a showing of good cause. Specifically, Fed. R. Civ. P. 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . specifying terms, including time and place, for the disclosure or discovery[.]" *See also* Fed. R. Civ. P. 34 advisory committee's note to 1970 Amendment

("[C]ourts have ample power under Rule 26(c) to protect respondent against undue burden or expense, either by restricting discovery or requiring that the discovering party pay costs.").

Federal courts may also issue stays pursuant to their inherent authority to manage cases before them. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) (issuance of a stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

Indeed, courts have broad discretionary power to control discovery. *See, e.g.*, *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's finding of good cause to stay discovery pending a ruling on a motion to dismiss); *see also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery. Such rulings will not be overturned unless there is a clear abuse of discretion."). In deciding whether to grant a stay of discovery, the Court is guided by the objectives of Rule 1 to ensure a "just, speedy, and inexpensive determination of every action." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602-03 (D. Nev. 2011).

In particular, the Ninth Circuit has recognized courts' ability to stay discovery pending resolution of a dispositive motion. *See Donaghe v. Gollogly*, 59 Fed. Appx. 991, 992 (9th Cir. 2003) (affirming the district court's stay of discovery pending its ruling on a summary judgment motion). In such instances, a "stay furthers the goal of efficiency for the court and litigants." *Little*, 863 F.2d at 685 (affirming the district court's stay of discovery where further discovery "could not have affected" a pending motion for summary judgment). Thus, courts in this Circuit and elsewhere have granted defendants' motions to stay discovery pending their own dispositive

motions. *See*, *e.g.*, *Walker v. Higher Educ. Loan Auth. of the State of Missouri*, No. 121CV00879DADSAB, 2022 WL 1460021, at *6 (E.D. Cal. May 9, 2022) (granting motion to stay discovery pending resolution of defendant's motion for judgment on the pleadings); *FNBN-RESCON I, LLC v. Ritter*, No. 2:11-CV-01867-GMN, 2013 WL 3168646, at *2 (D. Nev. June 19, 2013) (granting plaintiff's request to stay discovery pending resolution of plaintiff's motion for summary judgment despite defendants' argument that they needed additional discovery to respond in accordance with Rule 56(d)).

The Ninth Circuit has not enumerated the factors a court should apply in deciding a motion to stay discovery while a dispositive motion is pending. It has recognized, however, that a stay of discovery is appropriate where the pending dispositive motion "does not raise fact issues." *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987). Consistent with that ruling, certain courts in this Circuit "have considered (a) whether the pending motion is potentially dispositive of the entire case or at least of the issue on which discovery is sought and (b) whether the pending potentially dispositive motion can be decided without additional discovery." *See F.T.C. v. AMG Servs., Inc.*, No. 2:12-CV-00536-GMN, 2012 WL 3730561, at *4 (D. Nev. Aug. 28, 2012) (citing *Mlenjnecky v. Olympus Imaging America, Inc.*, 2011 WL 489743 at *6 (E.D. Cal. Feb. 7, 2011) (collecting cases)).

Other district courts have used a case-specific inquiry framed by a set of factors set forth in *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 601 (C.D. Cal. 1995) (the "*Skellerup* Factors"), which are: (1) whether a dispositive motion is at issue; (2) whether the challenge is as a matter of law or the sufficiency of the allegations; (3) the nature and complexity of the action; (4) whether counterclaims or crossclaims have been filed; (5) whether some or all of the defendants join in the request; (6) the posture or stage of the litigation; (7) the expected extent of discovery in

light of the number of parties and complexity of issues; and (8) any other relevant circumstances. *See PNY Techs., Inc. v. Netach Tech. Co.*, No. 16-CV-00657, 2017 WL 3597516, at *3 (D. Haw. May 9, 2017) (applying the *Skellerup* Factors to stay discovery pending a decision on defendant's motion to dismiss).

Regardless of which test a court chooses to apply, its analysis must be guided by the requirement, added through a 2015 amendment to Federal Rules of Civil Procedure, that discovery be "proportionate to the needs of the case." Fed. R. Civ. P. 26(b)(1). This proportionality mandate applies as soon as a case begins and "necessarily affects the determination of whether a discovery stay should be granted pending determination of a dispositive motion." *Ciuffitelli v. Deloitte & Touche LLP, et al.*, No. 3:16-cv-0580-AC, 2016 WL 6963039 at *5 (D. Or. Nov. 28, 2016) (noting that "[t]he 2015 amendment calls for renewed consideration of the time and money litigants must expend on discovery, and for courts to impose 'reasonable limits on discovery through the common-sense concept of proportionality'") (citing *Roberts v. Clark Cty Sch. Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016) (quoting Chief Justice's Year-end Report on the Federal Judiciary (2015), at 6)).

## ARGUMENT

This is precisely the type of case where good cause exists to stay discovery.

A stay is appropriate under the *Jarvis* analysis because The Times's Motion seeks complete dismissal of this case and there is no need for discovery to resolve that Motion. Specifically, the Motion demonstrates that (1) Plaintiffs' claims under the ARL are untimely; (2) the facts presented on the face of the FAC and incorporated by reference thereto show that The Times did not violate Oregon's ARL; and (3) Plaintiffs' unjust enrichment claim is unavailable as a matter of law. The

Motion also explains why this Court should strike Plaintiffs' nationwide class claim for unjust enrichment as a matter of law. No discovery can save Plaintiffs' claims.

A stay here also promotes judicial economy. Given the strength of The Times's pending Motion to Dismiss, the collection and production of documents is likely to become unnecessary and thus is a waste of the parties' resources. The burden here is especially great because the allegations in the FAC would seem to require both individual and class discovery, nationwide, over an indeterminate amount of time.[1] As a purely practical matter, the burden on The Times is also heightened because two of the in-house attorneys who would otherwise be responsible for facilitating discovery anticipate being on parental leave shortly. Hoerster Decl., ¶6. And, even if this Court ultimately does not dismiss this case in full, at a minimum, a ruling on the pending Motion may significantly alter the scope of discovery that will be required, including whether such discovery will need be conducted for a nationwide class with members in all 50 states. Furthermore, Plaintiffs will not suffer any prejudice from a brief delay of the production of documents if the case ultimately proceeds past the pleading stage. Under these circumstances, "[p]arties commonly agree to stay or the court orders that discovery be stayed until a potentially dispositive motion to dismiss is decided." *Climax Portable Maching Tools v. Trawema Gmbh*, 2021 WL 1396625 (D. Or. Mar. 22, 2021). Because Plaintiffs have not consented to a brief stay pending a ruling on the Motion to Dismiss, The Times asks this Court to exercise its discretion to grant one.

---

[1] Since Plaintiffs have refused to identify the applicable state law for their nationwide unjust enrichment claim, they may well demand discovery based on the longest statute of limitations available for this claim in any of the 50 states.

Additionally, the *Skellerup* test further demonstrates why a brief stay is appropriate here until The Times's pending Motion is resolved. In applying this test, one court explained:

> Only if a motion to dismiss appears on its face to be frivolous or without any merit should the court deny out-of-hand a discovery stay request. Otherwise, the court should employ the comparison and apply its experience and common sense to determine whether and to what extent the issues raised warrant a stay of discovery.

*Ciuffitelli*, 2016 WL 6963039, at *6. As set forth below, the *Skellerup* Factors counsel in favor of a stay.

### A. The Motion is Potentially Dispositive, and "As a Matter of Law"

The first *Skellerup* factor is whether a dispositive motion is at issue. *PNY Techs., Inc.*, 2017 WL 3597516, at *3. As noted above, the Motion is dispositive because it seeks dismissal of the entire case with prejudice.

The second *Skellerup* factor is whether the defendant's challenge is "as a matter of law" or against the "sufficiency of the allegations." *Skellerup*, 163 F.R.D. at 601. Here, the Motion makes purely legal challenges regarding the timeliness of Plaintiffs' claims, whether the disclosures set forth on the Checkout Page in the FAC are "clear and conspicuous," whether the Checkout Page reflects subscribers' affirmative consent to the ARL terms, and the legal viability of the unjust enrichment claim and its purported nationwide class. Motion (Dkt. 17), pp. 15-21, 30-33. While the Motion also demonstrates that Plaintiffs' allegations are deficient because they fail to allege with particularity the disclosures actually presented to the Plaintiffs, these purely legal challenges are independently sufficient to warrant dismissal of this case.

Thus, to allow far-reaching discovery to commence before this Court issues a decision on these dispositive legal issues is likely to waste significant resources. *See PNY Techs.*, 2017 WL 3597516, at *3 (allowing discovery to proceed when a pending motion "could dispense of the need for discovery and/or significantly change the scope of discovery would waste resources and

needlessly increase expenses. It would be equally as inefficient for Plaintiff to engage in discovery and related litigation without knowing which claims, if any, will proceed.").

### B. This is a Complex Putative Class Action Involving a Novel Claim

The third *Skellerup* factor is the nature and complexity of the action. *Id*. This is a complex litigation. Plaintiffs have sought to bring claims on behalf of two massive classes, one with consumers in Oregon and the other with consumers nationwide. As alleged in the FAC, the Oregon class has "at least thousands and potentially millions" of members and the nationwide class has "at least millions" of members. FAC ¶ 63.

Moreover, this case presents issues of first impression under Oregon law because no cases have been litigated under Oregon's ARL statute. There will be some complexity in deciding the scope and meaning of the ARL in this case. The allowable scope of discovery, therefore, is uncertain and should not proceed until the viability and scope of Plaintiffs' claims is determined.

### C. The Procedural Posture Suggests a Stay is Appropriate

The fourth, fifth and sixth *Skellerup* factors are: "[4] whether counterclaims and/or cross-claims have been interposed; [5] whether some or all of the defendants join in the request for a stay; [and 6] the posture or stage of the litigation." *PNY Techs.*, 2017 WL 3597516, at *3. No counterclaims or crossclaims have been filed, there is only one defendant in this case, and the case is still in its initial pleading stage, with no discovery having been served. Because The Times's Motion will be fully briefed no later than next week, a stay of discovery pending a decision on the Motion is expected to be short.

### D. Without a Stay, Plaintiffs May Serve Irrelevant Discovery Regarding a Nationwide Class that Cannot Be Certified

The seventh *Skellerup* factor is the expected extent of discovery. *Id*. Although Plaintiffs have yet to serve discovery requests, the FAC includes both a purported class of Oregon consumers

and a nationwide class for Plaintiffs' unjust enrichment claim. FAC (Dkt. 14) ¶¶59-60. The Motion addresses the unfeasibility of a nationwide class on a state common law claim. Motion (Dkt. 17), pp. 33-36. However, the implications for the scope of discovery are significant. Plaintiffs have not suggested a compromise position or a phasing of discovery, and therefore, The Times expects to receive, among other things, very broad discovery requests from Plaintiffs regarding a nationwide class of New York Times subscribers if discovery is not stayed.

### E. The Needs of the Case Do Not Compel Immediate, Broad Discovery

The eighth and final *Skellerup* factor is "any other relevant circumstances." *PNY Techs.*, 2017 WL 3597516, at *3. The concept of proportionality introduced by the Federal Rules' 2015 amendments "falls within *Skellerup*'s 'other relevant [] circumstances' factor," as one court explained:

> In a complex case where pending motions to dismiss raise credible legal and factual issues, "the needs of the case" have not yet been finally established. Delaying discovery or limiting its scope until those issues are decided is appropriate and implements the 2015 Amendment's mandate for a renewed consideration of the time and money litigants must expend on discovery.

*Ciuffitelli*, 2016 WL 6963039, at *8. Under the circumstances, to allow broad discovery, particularly regarding an alleged nationwide class, risks the imposition of costs far disproportionate to the eventual needs of the case, which is likely to either be dismissed in its entirety or significantly limited in scope.

### **CONCLUSION**

For the foregoing reasons, the Court should enter an order staying discovery in this case pending resolution of The Times' Motion to Dismiss and Motion to Strike.

Respectfully submitted this 27th day of October, 2022.

FOSTER GARVEY PC

By  s/ Eryn Karpinski Hoerster
    Eryn Karpinski Hoerster, OSB #106126
    Telephone:  (503) 228-3939
    Fax:  (503) 226-0259
    E-Mail:  eryn.hoerster@foster.com


DENTONS US LLP

Kristen C. Rodriguez, *Pro Hac Vice*
Telephone: (202) 496-7188
E-Mail: kristen.rodriguez@dentons.com

*Attorneys for Defendant The New York Times Company*

## CERTIFICATE OF COMPLIANCE

This Memorandum complies with the applicable word-count limitation under LR 7-2(b) because it contains 2,975 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, motion, signature block, exhibits, and any certificates of counsel.

<u>/s/ *Eryn Karpinski Hoerster*</u>
Eryn Karpinski Hoerster, OSB #106126