IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **THEA MACQUAID and SARAH RENFROW,** on behalf of themselves and all others similarly situated, | Case No. 3:22-cv-00955-MO |
| Plaintiffs, | OPINION AND ORDER |
| v. | |
| **THE NEW YORK TIMES COMPANY,** d/b/a The New York Times, | |
| Defendant. | |

**MOSMAN, J.,**

Oral argument on Defendant The New York Times Company's Motion to Dismiss [ECF 17] took place on March 15, 2023. For reasons stated on the record, I granted the Motion to Dismiss without prejudice as to Count 2. *See* Mins. of Proceedings [ECF 35]. I revised my ruling on Count 1 and granted the Motion to Dismiss with prejudice as to Count 1. *See id.* I write further to explain the reasoning for my ruling on dismissing Plaintiff Thea MacQuaid's Unlawful Trade Practices Act ("UTPA") claim.

## BACKGROUND

Plaintiffs Thea MacQuaid and Sarah Renfrow filed suit on July 1, 2022, alleging violations of Oregon's UTPA, ORS 646.608(1)(ttt). Plaintiff MacQuaid purchased an annual New York Times subscription on or around August 3, 2020. First Am. Compl. [ECF 14] ¶ 8. Plaintiffs

1 – OPINION

included an image of the checkout page in the Complaint, which displays the New York Times Company's disclosures regarding its automatic renewal terms. *Id.* ¶ 40.

## DISCUSSION

### I.      Statute of Limitations

Under the UTPA, a private claim "must be commenced within one year after the discovery of the unlawful method, act or practice." ORS 646.638(6). "The period begins to run when 'the plaintiff knew or should have known of the alleged misrepresentation.'" *Brooks v. BC Custom Constr., Inc.*, No. 3:18-CV-00717-YY, 2019 WL 3763769, at *19 (D. Or. May 21, 2019), report and recommendation adopted, No. 3:18-CV-00717-YY, 2019 WL 3502907 (D. Or. Aug. 1, 2019) (citing *Bodin v. B. & L. Furniture Co.*, 42 Or. App. 731, 734 (1979)). To determine whether a plaintiff should have known of a claim, courts employ a two-step test: "First, it must appear that plaintiff had sufficient knowledge to excite attention and put a party upon his guard or call for an inquiry. Second[,] if plaintiff had such knowledge, it must also appear that a reasonably diligent inquiry would disclose the fraud." *Id.* (citing *McCulloch v. Price Waterhouse LLP*, 157 Or. App. 237, 248 (1998)). The statute of limitations analysis is not based on Plaintiffs' subjective views but rather on a reasonable person standard. *See Padrick v. Lyons*, 277 Or. App. 455, 466 (2016) ("For purposes of determining what facts a plaintiff knows or should have known, '[t]he discovery rule applies an objective standard—how a reasonable person of ordinary prudence would have acted in the same or a similar situation.'" (internal citation omitted)).

Here, Ms. MacQuaid's UTPA claim is barred by the statute of limitations pursuant to the two-step test outlined in *McCulloch*. First, Ms. MacQuaid "had sufficient knowledge to excite attention" and put her on notice to inquire further. Based on the image included in the Complaint, the checkout page contained a section titled "AUTOMATIC RENEWAL TERMS" with

information on the payment schedule and cancellation options. Viewing these disclosures at the checkout stage was sufficient to alert Ms. MacQuaid of the alleged misrepresentation. As to the second part of the *McCulloch* test, "a reasonably diligent inquiry would disclose the fraud." The checkout page included hyperlinks titled "contacting Customer Care," "Terms of Sale," and "Terms of Service." Ms. MacQuaid could have inquired further by clicking on any of the links to learn additional information about the alleged UTPA violation. In sum, Ms. MacQuaid should have known of her claim when purchasing the plan, and because the purchase took place over a year before the filing of the Complaint, the statute of limitations bars her claim.

The statute of limitations on the UTPA claim had already started to run when Ms. MacQuaid received an increased renewal charge approximately one year after purchasing the subscription. Ms. MacQuaid had notice that she was being charged for an automatic renewal plan based on the language featured on the checkout page. The allegedly unlawful charge under ORS 646A.295(1)(b) includes the initial purchase of an automatic renewal or continuous service. Therefore, she had notice of the UTPA violation at the time of checkout, and her UTPA claim falls outside of the statute of limitations.

    II.    **Alleging a UTPA Violation Within the One-Year Period**

Plaintiffs would have been able to bring a UTPA claim within the one-year statute of limitations. Under ORS 646.638(1), Plaintiffs are entitled to recover actual damages or statutory damages of $200, whichever is greater. Further, "[t]he court or the jury may award punitive damages and the court may provide any equitable relief the court considers necessary or proper." ORS 646.638(1). Therefore, Plaintiffs could have recovered damages had they filed suit within the one-year period.

## CONCLUSION

For the reasons given above, I granted Defendant's Motion to Dismiss with prejudice as to Count 1.

DATED this __24__ day of March, 2023.

*Michael W. Mosman*
MICHAEL W. MOSMAN
Senior United States District Judge

4 – OPINION